UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

PHILLIP A. POWELL and )
ROSEMARY POWELL, )
                                )
        Plaintiffs,              )
                                )
    v.                           )        No. 14 C 9279
                                )
CHICAGO HOUSING AUTHORITY,       )        Judge Rebecca R. Pallmeyer
                                )
        Defendant.               )

## MEMORANDUM ORDER

Plaintiffs Phillip A. Powell and Rosemary Powell (the "Powells") were tenants of Defendant, the Chicago Housing Authority, until the CHA terminated Plaintiffs' participation in the Housing Choice Voucher Program in January 2014. The Powells filed this lawsuit *pro se*, challenging the termination, and attaching several exhibits, including two termination notices and a copy of their lease. The CHA moved to dismiss the complaint on several grounds. CHA argues that this court lacks jurisdiction to review the decision of a local public housing authority to terminate a voucher; that review would be barred in any event by the Powells' failure to exhaust administrative remedies; and that any claims the Powells might assert in any forum are barred by the statute of limitations and by the doctrine of *res judicata*.

At a hearing on the motion to compel, Plaintiffs presented evidence that they had been removed from their apartment at the Granville Tower in Chicago before the conclusion of the appeals period from one of the termination notices. Defense counsel was unable to explain the discrepancy at that hearing, and the court denied Defendant's motion to dismiss, overruling the "failure to exhaust" objection without considering Defendant's remaining arguments for dismissal.

Defendant promptly moved for reconsideration. With respect to the argument that Plaintiffs failed to exhaust their administrative review remedies, the CHA pointed out that the

exhibits attached to Plaintiffs' own complaint explain what Plaintiffs now assert is misleading or confusing conduct on the part of CHA: Those exhibits reveal that CHA issued two "Intent to Terminate" letters, one on December 7, 2013, citing alleged lease violations that occurred in September 2013, and a second dated January 31, 2014, citing an additional violation that arose earlier in January 2014. Each such letter set forth Plaintiffs' appeal rights in this language:

> You have a right to request an Informal Hearing regarding this proposed decision. You must request an Informal Hearing in writing within 30 calendar days from the date of this notice. If you fail to request a hearing within 30 calendar days, the decision will become final and you will be terminated from the HCV Program. As a convenience, you may sign and make a copy of this notice to serve as your Informal Hearing request.

December 7, 2013 Intent to Terminate Letter, Exhibit A to Plaintiffs' Complaint; January 31, 2014 Intent to Terminate Letter, Exhibit B to Plaintiffs' Complaint. Plaintiffs acknowledge that they did not request an Informal Hearing in response to either of these notices. They assert that they were confused by the receipt of the second notice, but they acknowledge that the received Final Termination Letter is dated January 29, 2014, well more than 30 days after the first Intent to Terminate Letter. The CHA's issuance of a second Intent to Terminate Letter, in response to a new alleged lease violation, did not operate to negate the first one. The Final Termination Letter dated January 29, 2014 letter specifically noted that Plaintiffs' voucher was terminated on the basis of Plaintiffs' "FAILURE TO REQUEST AN INFORMAL HEARING WITHIN THE REQUIRED TIME FRAME." The court concludes Plaintiffs did not exhaust their administrative remedies.

Although it need not reach Defendant's remaining arguments, the court notes that Plaintiffs have not responded effectively to them. First, there appears to be no private right of action against the CHA for termination of voucher benefits. *See generally Gonzaga University v. Doe,* 536 U.S. 273, 284 (2002); *see Kelley v. Chac, Inc.,* No. 10 C 1080, 2011 WL 1467188 (N.D. Ill. 2011), citing *Thomas v. Chicago Housing Auth.*, 981 F. Supp. 558 (N.D. Ill. 1997) *Dersch Energies, Inc. v. Shell Oil Co.,* 314 F.3d 846, 857 (7th Cir. 2001). If the court were to

2

construe their complaint as a common law challenge to the CHA's administrative decision, such a challenge would have to be filed in Illinois state court within six months of the decision, *see Holstein v. City of Chicago*, 803 F. Supp. 205 (1992)—not in federal court, more than a year later.  Finally, Defendant asserts that termination of the Powells' voucher is justified by the facts: they allegedly denied a CHA contractor access to their unit for window replacement; made threats of gun violence that required the CHA to seek police assistance to gain access; vacated the unit without notice to the CHA; disturbed the peace; and engaged in serious and repeated lease violations.  This conduct violated federal regulations for participants in the voucher program, Defendant asserts.  *See* 24 C.F.R. § 982.552(b).  On a motion to dismiss, this court will not consider factual assertions that go beyond the allegations of the complaint.  But to the extent the Powells now argue that they were not bound by the rules and regulations of the Granville Tower Condominium Association, that argument is flatly defeated by the lease agreement they signed, a copy of which is attached as Exhibit C to their Complaint. That document prominently includes a handwritten provision stating that "Rosemary + Phillip Powell . . . Is Responsible to obey Rules + Regulations of Condo."

Defendant's motion for reconsideration [34] is granted.  The order dismissing this case [39] is vacated, but the Complaint is dismissed without prejudice.  Plaintiffs have leave to file an amended complaint within 30 days of this order.  The court cautions, however, that a challenge to the termination of their voucher appears to be barred by failure to exhaust administrative remedies.

Dated: June 29, 2015                              _Rebecca R. Pallmeyer_____

United States District Judge

3